UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN A. ALLEN,<br>       Plaintiff | : <br> : <br> : |
| vs. | : CIVIL NO. 1:14-CV-00546 <br> : <br> : |
| PATRICK R. DONAHOE,<br>Postmaster General,<br>UNITED STATES POSTAL SERVICE<br>       Defendant | : <br> : <br> : <br> : <br> : |

*M E M O R A N D U M*

*I.*        *Introduction*

On March 21, 2014, Plaintiff Steven A. Allen filed a pro se complaint

alleging that his employer, the United States Postal Service, violated Title VII of the Civil

Rights Act of 1964 by discriminating against him on the basis of race. (Doc. 1).  Before

the court is a motion to dismiss filed on July 23, 2014 by Defendant Patrick R. Donahoe,

in his official capacity as Postmaster General of the United States Postal Service.  (Doc.

5).  Plaintiff failed to file a brief in opposition to the motion to dismiss as required by Local

Rule 7.6.[1]  Although the motion to dismiss is unopposed, the court will analyze the

Defendant's motion on the merits.  See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d

---

1.  Pursuant to Local Rule 7.6, a party opposing a motion, other than a motion
for summary judgment, shall file a brief in opposition within fourteen days after
service of the movant's brief.  Local Rule 7.6 establishes that any party who fails
to comply with Local Rule 7.6 is deemed not to oppose such motion.

Cir. 1991) (explaining that district courts should conduct a merits analysis before granting

an unopposed motion to dismiss).  For the reasons that follow, the court will grant the

Defendant's motion to dismiss.

*II.       Background*

       The following facts are set forth in Plaintiff's complaint or documents

attached thereto and are taken as true, as they must be when considering a motion to

dismiss. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  On August

2, 2011, Steven A. Allen was employed as a letter carrier for the United States Postal

Service and worked at the Uptown Station in Harrisburg, Pennsylvania.  (Doc. 1-3 at 7).

Allen was tardy for work on August 2, 2011 and was instructed by his supervisor to

complete a leave form in order to account for his lateness.  (Id.).  Allen allegedly

responded by making sexual comments to his supervisor.  (Doc. 1-2 at 1).  As a result,

Allen was placed on emergency leave, and in November 2011, Allen's employment with

the Postal Service was terminated.  (Doc. 1-2 at 1; Doc. 1-3 at 7).   In response, Allen

and the postal union filed a grievance disputing the termination.  (Doc. 1 at 2).  In March

2012, the parties settled the grievance:  Allen's employment was reinstated; his

termination was amended to a seven-day suspension; and he received no back pay for

the period of termination.  (Doc. 1-2 at 11).

       On August 15, 2012, over a year after the August 2, 2011 incident, Allen

contacted an Equal Employment Opportunity (EEO) counselor.  (Doc. 1-3 at 8).  Allen

claimed that he was subject to disparate treatment on the basis of race when he, an

African-American, was required to complete the leave form, while similarly situated

Caucasian co-workers were not required to do the same.  (Doc. 1-2 at 12).  Further, Allen

alleged that he was discriminated against on the basis of sex when his female supervisor

accused him of making sexual comments.  (Id.).  After meeting with the EEO counselor,

Allen filed a formal EEO complaint on September 26, 2012.  (Id.).

        Allen's formal EEO complaint was dismissed by the Postal Service's

National EEO Investigative Services Office.  (Id.).  The Investigative Services Office

found that Allen failed to contact an EEO counselor within the 45 day time frame required

by Equal Employment Opportunity Commission (EEOC) regulations.  (Id.).  Allen argued,

and maintains in his complaint in this case, that he was misled with respect to the time

requirements because his union and United States Postal Service advised him that he

had a year to initiate the EEO complaint process.  (Doc. 1 at 5; Doc. 1-2 at 19).  On the

date that Allen claims he was subject to discrimination, however, a poster (EEO 72) was

displayed at Allen's place of employment which informed employees to contact the EEO

office within 45 days of the date of any discriminatory act. (Doc. 1-3 at 9).   Further, Allen

was familiar with the EEO process from prior experience.  (Id.).  The Investigative

Service Office determined that Allen was aware of the 45 day limit and dismissed the

complaint as untimely.  (Id.).  Allen appealed the dismissal of his EEO complaint to the

EEOC.  (Doc. 1-3 at 20).  The EEOC denied Allen's appeal and subsequent motion for

reconsideration.  (Id.).

On March 21, 2014, Allen filed his pro se complaint stating that he had been discriminated against on the basis of race.  (Doc. 1 at 3).  Defendant Donahoe filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 5). Donahoe claims that Allen has failed to state a claim because he failed to exhaust his administrative remedies by not contacting an EEO counselor within the required 45 days. (Id.).

III.     Discussion

       A.  Standard of Review

The United States Court of Appeals for the Third Circuit has held that a motion a dismiss for failure to exhaust administrative remedies should be treated under Federal Rule of Procedure 12(b)(6).  Robinson v. Dalton, 107 F.3d 1018, 1021-1022 (3d Cir. 1997).  Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).  While a complaint need only contain "a short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, and a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Twombly, 550 U.S. at 555 (quoted case omitted).

The Third Circuit has described the Rule 12(b)(6) inquiry as a three-step process:

> First, a court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 212 (3d Cir. 2013).

Although ordinarily the court may only consider the allegations in the complaint when ruling on a motion to dismiss, the Third Circuit has held that a court may consider items that are "integral or explicitly relied upon in the complaint," as well as an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." In re Rockefeller Ctr. Prop., Inc. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). In employment discrimination cases, the court is specifically permitted to examine the EEOC record, if attached to the motion to dismiss. See Smith v. Pallman, 420 F. App'x 208, 213 (3d Cir. 2011).

*B.  Exhaustion of Administrative Remedies*

The court agrees that the Plaintiff has failed to exhaust his administrative remedies and thus has failed to state a claim upon which relief can be granted.

Title VII of the Civil Rights Act of 1964 prohibits employers, including the federal government, from discriminating on the basis of race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-16 (2012).  To claim a violation of Title VII in United States District Court, it is a precondition that all administrative remedies must first be exhausted.  See Brown v. Gen. Servs. Admin., 425 U.S. 820, 832 (1976); Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997) (stating that it is a basic tenent of administrative law that all administrative remedies must first be exhausted in order to promote efficiency, respect administrative autonomy, provide courts with the benefit of an agency's expertise, and serve judicial economy).  A complaint that fails to assert the satisfaction of this precondition fails to state a claim upon which relief can be granted.  Hornsby v. United States Postal Serv., 787 F.2d 87, 90 (3d Cir. 1986).

Pursuant to Title VII, Congress delegated to the EEOC the authority to establish administrative procedures and remedies.  42 U.S.C. § 2000e-12 (2012).   The regulations enacted by the EEOC provide that "[a]n aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory."  29 C.F.R. § 1614.105 (2014).  The time limitation to contact a counselor is triggered at the time the employee knew or should have known of the discrete discriminatory act, "not when the consequences of the act become most painful."  Del.

State Coll. v. Ricks, 449 U.S. 250, 258 (1980); 29 C.F.R. § 1614.105.   "Thus, exhaustion

requires . . . consultation with an agency counselor" within 45 days of when the employee

knew or should have known of the discriminatory act.   Robinson, 107 F.3d at 1020.

      In the instant case, Allen failed to contact the EEO counselor within 45

days and thus failed to exhaust his administrative remedies.   Allen claims that the

discriminatory act occurred on August 2, 2011 when he was instructed by his supervisor

to complete a leave form and Caucasian co-workers were not required to do the same.[2]

(Doc. 1-2 at 12).   Thus, Allen knew that the discriminatory act occurred on August 2,

2011, triggering the time limitation.   Yet, he did not contact an EEO counselor until

August 15, 2012 – approximately 379 days after the alleged discriminatory act and 334

days beyond the required time limit.   (Doc. 1-3 at 8).   Allen claims, however, that the

union and Postal Service employees misled him as to the proper procedures for filing a

complaint because they advised him that he had one year to contact an EEO counselor.

(Doc. 1 at 5; Doc. 1-2 at 19).   The court will read Allen's complaint and attached

documents broadly and address Allen's claim of being misled as an averment that the

time limitation to contact an EEO officer was tolled.

      The EEOC's regulations establish that the time to contact a counselor is

tolled when (1) the employee was not notified or was unaware of the time limit, (2) the

---

2.  In his complaint, Allen includes several allegations against his union and its
officers and asks that the actions of the union "fall under the scrutiny of the
court."  (Doc. 1 at 6).  Because neither the union nor its officers are named
defendants, the averments in Allen's complaint regarding the union and its
officers warrant no discussion.

employee was unaware that the action taken was discriminatory, or (3) despite due diligence, the employee was prevented by circumstances beyond his or her control from contacting a counselor.  29 C.F.R. § 1614.105(a)(2) (2014).  Allen fails to satisfy the EEOC's regulation for tolling.  Allen was notified and aware of the time limit because a poster was displayed in his place of employment which advised of the 45 day limit, and because Allen had prior experience with the EEO process.  (Doc. 1-3 at 9).  Next, Allen was aware of the alleged discriminatory act occurred on August 2, 2011 because on that date he knew he was required to complete a leave form.  (Doc. 1-2 at 12).  Last, Allen does not allege any facts that indicate he was prevented by circumstances beyond his control from contacting a counselor.

In addition to the EEOC regulations, the Supreme Court of the United States has held that the Title VII timing limitations are not absolute jurisdictional prerequisites, but should be treated similar to statutes of limitations, and thus subject to equitable tolling.  Zipes v. Trans. World Airlines, Inc., 455 U.S. 385, 393 (1982); see also Hornsby, 787 F.2d at 89.  According to The Third Circuit, equitable tolling is appropriate (1) where the defendant actively misled the plaintiff respecting the plaintiff's cause of action, (2) where the plaintiff in some extraordinary way was prevented from asserting his or her rights, or (3) where the plaintiff mistakenly asserts his or her rights in the wrong forum.  Oshiver v. Levin, 38 F.3d 1380, 1387 (3d Cir. 1994).

As discussed above, Allen was not prevented from asserting his rights, nor did Allen assert his claim in the wrong forum.  With respect to Allen's claim of being

misled by Postal Service employees, assuming that he was in fact told that he had one year to file his claim, Allen nonetheless contacted an EEO counselor more than one year after the alleged discriminatory act.  Even if we tolled the time limit for one year, Allen would still have failed to contact an EEO counselor within the required time limit.  Thus, the court finds that equitable tolling is not appropriate and declines to apply it.

*IV.        Conclusion*

Because Allen did not contact an EEO counselor within the required 45 days, he has not exhausted his administrative remedies.  Consequently, Allen has failed to assert the satisfaction of a precondition to filing suit in United States District Court and thus has failed to state a claim upon which relief can be granted.  For the above reasons, Defendant's motion to dismiss will be granted.   Leave to amend the claims will be denied as futile. See Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002) (allowing courts to deny leave to amend if such an amendment would be futile).  An appropriate order follows.

/s/William W. Caldwell
William W. Caldwell
United States District Judge